Inman R. BANKS, Plaintiff,

v.

**SEABOARD COAST LINE RAILROAD COMPANY**

and

**Brotherhood of Railway Carmen of America, Defendants.**

Civ. A. No. 14124.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 8, 1970.

Howard Moore, Jr. and Peter E. Rindskopf, Atlanta, Ga., for plaintiff.

Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Malcolm Maclean, Savannah, Ga., for Seaboard.

Mulholland, Hickey & Lyman, Richard Lyman, Toledo, Ohio, Huie & Harland, Atlanta, Ga., for Brotherhood of Railway Carmen.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

MOYE, District Judge.

Inman R. Banks, a Negro employee of Seaboard Coast Line Railroad Company, filed this action on August 23, 1970, against his employer Seaboard Coast Line Railroad Company and against the

Brotherhood of Railway Carmen of America (referred to herein as the Union), charging discrimination by such defendants against the plaintiff and others similarly situated; seeking injunction, declaratory judgment and damages.

The defendant Seaboard Coast Line Railroad Company on November 4, 1970, filed a "Motion to Dismiss for Failure to Join Indispensable Parties", alleging there should be joined in such action "those individual journeyman carmen employed by defendant Seaboard Coast Line Railroad Company whose seniority will be adversely affected by the relief demanded by plaintiff."

Reference to the complaint discloses that to grant the prayers of plaintiff's complaint would require a judgment which would affect the rights of the white employees of Seaboard in whose favor the discrimination allegedly existed. Plaintiff alleges that "his seniority would date from June 1, 1941", and he prays that defendants be enjoined "from continuing or maintaining any policy, practice, custom, and usage of withholding, denying, attempting to withhold and deny, and depriving or attempting to deprive and otherwise interfere with the rights of plaintiff to equal employment opportunities."

Since any order or judgment rendered in this case in favor of plaintiff and the class for which he sues would under plaintiff's allegations place plaintiff and others in a higher position of seniority than they are now enjoying, the judgment would necessarily change the status of the white employees in whose favor the alleged discrimination exists.

The Brotherhood has an equal duty to represent those members comprising the class which plaintiff represents as well as the white employees whose interest would be realigned by any order granting relief to plaintiff. It thus appears that the white employees' interest is not the same as the Brotherhood's, and that the Brotherhood cannot fairly and adequately represent the interest of the

class. See Steele v. L. & N. R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944).

Contrary to plaintiff's assertion, the revision of the Federal Rules did not make pre-revision principles obsolete. 3A J. Moore, Federal Practice paragraph 19.07(2) (2d Ed.1969). While it is true that the language in Neal v. System Board of Adjustment, 348 F.2d 722 (8th Cir.1965), on indispensable parties is dictum, the principles it states are correct. *Neal, supra* at 728. *See also,* Shields v. Barrow, 58 U.S. (17 How.), 130, 15 L.Ed. 158 (1855). Here it seems clear that the white employees whose interest will be realigned should plaintiff prevail are indispensable parties.

The defendant's motion to dismiss therefore will be granted unless plaintiff within twenty (20) days hereof files an amendment naming as respondent one or more of the white employees included in said class, whereupon this Court will pass an order pursuant to Federal Rule of Civil Procedure 23(a) (c) providing for service upon said class to show cause why they should not be joined as respondents in this case.

Rulings on the other motions pending in this case are stayed pending the addition of indispensable parties and filing of any opposition to said motions by such parties.