**UNITED STATES of America, Plaintiff,**

v.

**T.I.M.E.–DC, INC., et al., Defendants.**

**Civ. A. No. 5–868.**

United States District Court, N. D. Texas, Lubbock Division.

Dec. 13, 1971.

---

Eldon B. Mahon, U. S. Atty., Ft. Worth, Tex., Willis T. Taylor, Asst. U. S. Atty., Lubbock, Tex., William B. Fenton, Joel G. Contreras, Dept. of Justice, Civil Rights Division, Washington, D. C., for plaintiff.

Frank M. Garrison, Lubbock, Tex., L. N. D. Wells, Jr., Dallas, Tex., R. Ian Hunter, Robert D. Schuler, Detroit, Mich., for defendants.

## ORDER

WOODWARD, District Judge.

The Court has under consideration the motion of plaintiff to add a party defendant and to submit amendments to the complaint.

Plaintiff's original complaint is against T.I.M.E.-DC, Inc., a nationwide employer in the transportation industry, and two international unions, seeking injunctive and declaratory relief. It appears that the employer has itself, and through its predecessors, entered into various labor contracts with approximately 70 local labor unions representing groups of employees at different terminals and other facilities of T.I.M.E.-DC throughout the United States. Each of these contracts is directly between the employer and the local labor union, and the two defendant international unions are not signatory parties to any of said contracts. Plaintiff alleges that because of said contracts and the practices thereunder, the defendant employer follows a policy and practice of discrimination against Negroes and Spanish-surnamed employees, denying them an equal right to advancement and other employment benefits.

The defendant international unions have moved to dismiss or to stay the proceedings in this case until such time as the joinder of the local unions has been effected. Plaintiff has now moved to join Local No. 745 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America as a defendant individually and as a representative of a class. This local is headquartered within the Northern District of Texas.

It has been determined by the Court that the ultimate judgment of this Court will, if favorable to the plaintiff, require in all probability the alteration of the contractual agreements between T.I.M.E.-DC and the local unions. Further, plaintiff is seeking injunctive relief against the employer and those in concert with the employer, ordering them to cease any discriminatory practices pursuant to such labor contracts. It has been urged upon the Court that each contract differs according to the nature of the particular local union and the local circumstances involved, and that there is not a common question of fact in all of said contracts. Defendants insist therefore that Local 745 should not be permitted to be joined in this action as a representative of a class. It has been further pointed out that Local 745 is a local of the International Teamsters Union while some of the contracts are with locals of the International Machinists Union, and that 745 could not therefore be representative of this second group.

This Court is of the opinion that should it finally enter an order and judgment in favor of the plaintiff, such a judgment would, as a practical matter, be meaningless insofar as it pertained to any local union that was not actually before and subject to the jurisdiction of this Court. Any judgment which alters or amends the contractual rights of parties should be rendered only when those parties are not only subject to the *in personam* jurisdiction of the court but are also personally before the court. This is even more important when injunctive relief and remedies sought for enforcement of the injunction are involved. If such relief were to be ordered by this Court against the local unions who are represented only as members of a class, it would mean only that the merits of each local case would have to be determined again in some other proceeding in order to obtain enforcement. Before such injunction could be enforced, another court would have to inquire into the particular facts involving that particular local union in its dealings with T.I.M.E.-DC.

While it is true that Washington v. Lee, 263 F.Supp. 327 (M.D.Ala.1966), aff'd 390 U.S. 333, 88 S.Ct. 994, 19 L. Ed.2d 1212 (1968) does in fact recognize that injunctive relief can be afforded against defendants who are members of a class, the suit now under consideration involves not only injunctive relief but also the varying terms of some 70 different contracts with the local unions. To enforce a class injunction against the sheriffs of Alabama, each of whom is singly in control of discrimination in his own jail (Washington v. Lee, *supra*) is a far cry from attempting to enforce changes in contractual agreements between a nationwide employer and local labor unions having as many as 10,000 members in one local.

The matters to be decided in this case require that the deciding court have *in personam* jurisdiction and that the defendants be personally before the Court. In addition, this Court finds that there are not sufficient common questions of fact to justify the use of Rule 23, Federal Rules of Civil Procedure, and that Local 745 could not fairly and adequately represent the members of the class. Although the ultimate question is the same—that of discrimination—the evidentiary facts are so diverse as to render a class action unfeasible. It seems apparent to the Court that each local should be given the opportunity to appear and be heard on its own facts and its own defenses.

It is therefore ORDERED that:

### I.

The defendant unions' motion to dismiss will not be ruled upon at this time, but such motion will be carried along with the trial of the case on its merits, and their motion to stay the proceedings will be granted to the extent hereinafter set forth.

### II.

The parties will not be required to comply with the pre-trial schedule heretofore set pending further notice by the Court.

### III.

Permission is here GRANTED to plaintiff to join Local 745 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America as a defendant individually, but not as a representative of a class.

### IV.

The plaintiff is hereby ORDERED to determine if it desires to prosecute its cause of action against any other local unions that have contracts with T.I.M.E.-DC. This Court will be notified by plaintiff on or before February 1, 1972 as to whether or not plaintiff desires to file actions against local unions in the proper district court having jurisdiction thereof. If the plaintiff desires to proceed against such local unions, same shall be forthwith filed and this Court notified, and this Court will then determine the proper procedures for multi-district litigation under the provisions of Title 28, U.S.C. § 1407. If plaintiff

does not desire to file such additional suits, this Court should be immediately notified, and as soon as the amendment has been filed against Local 745 this Court will notify the parties of the setting of this case against the defendants presently named and Local 745.