Patrick **LYNCH** et al., Plaintiffs,

v.

The **SPERRY RAND CORPORATION,**
Defendant.

No. 70 Civ. 4809.

United States District Court,
S. D. New York.

Dec. 26, 1973.

Delson & Gordon, New York City, for plaintiffs; Ernest Fleischman, New York City, of counsel.

Poletti Freidin Prashker Feldman & Gartner, New York City, for defendant; Herbert Prashker, Robert L. Carter, New York City, of counsel.

Cynthia E. Gitt, E. E. O. C., Washington, D. C., filed brief amicus curiae.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

This suit is brought as a class action on behalf of all present and former male employees of defendant Sperry Rand Corporation (Sperry), who are participants in Sperry's retirement pension plans. The complaint charges that the Sperry pension plans discriminate against male employees and retirees and in favor of women in similar status, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.)[1]

The essence of the charges of sex discrimination under the Sperry pension plans is (1) that women are permitted to retire on full pension at the age of 60 whereas men may not retire on full pension until the age of 65, and (2) that women are entitled to early retirement at age 50 whereas men are not entitled to early retirement benefits until age 55.

The plaintiffs include: (1) 27 male employees or former employees of the Sperry Gyroscope Division and the now closed Ford Instrument Division of Sperry, both in New York State. The individual plaintiffs are all participants in Sperry retirement plans;

(2) Four local unions of the International Union of Electrical, Radio and Machine Workers and an Engineers union, which are collective bargaining agents for employees in these two Sperry divisions; and

(3) The International Union of Electrical, Radio and Machine Workers, which has affiliated locals acting as bargaining agents for employees of Sperry in various divisions throughout the United States.

The complaint seeks:

(1) A declaratory judgment holding that the practices and policies under the Sperry pension plans violate Title VII of the 1964 Act by discriminating against men and in favor of women;

(2) Injunctive relief against continuation of such practices and policies and directing appropriate adjustment in the plans to eliminate them;

(3) Monetary relief to those male employees and retirees who have been un-

---

1. § 2000e–2, Unlawful employment practices
  —Employer practices
  (a) It shall be an unlawful employment practice for an employer—
    (1) to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . 42 U. S.C. § 2000e–2(a)(1).

favorably affected by the alleged discrimination; and

(4) Costs and attorneys fees.

Sperry's answer denies all allegations of discrimination against male employees and any violations of Title VII in its retirement pension plans and alleges three affirmative defenses and a counterclaim against the union plaintiffs.[2]

It is unnecessary to review here the extensive prior proceedings in this action. Suffice it to say that motions and cross motions between parties were held in abeyance or delayed for a long time by very extensive discovery proceedings. At the present time, the following motions are before the Court:

(1) A motion by plaintiffs under Rule 23(c)(1), Fed.R.Civ.P., to determine that the suit may be maintained as a class action and to determine the composition of the class.

(2) Motions by plaintiffs to strike Sperry's first and third affirmative defenses and its counterclaim on the ground that they are legally insufficient.

(3) A motion by Sperry for judgment for defendant on the ground of failure of plaintiffs to join indispensable parties defendant or, in the alternative, to require that the union plaintiffs be realigned as parties defendant.

The Equal Employment Opportunity Commission has filed briefs as an amicus curiae in support of plaintiffs' motions to dismiss the first and third affirmative defenses and for a class action determination.

## I. *The Class Action Motion*

Since disposition of the plaintiffs' motion for a class action determination under Rule 23 will necessarily resolve several questions raised by the motions addressed to the pleadings, the class action; motion will be considered first.

Voluminous affidavits and depositions, answers to interrogatories, and other materials have been submitted to the Court on these motions. These materials as well as the briefs submitted contain charges and countercharges by each side against the other. All this has succeeded in muddying the waters considerably. Each side apparently seeks to obtain rulings at this early stage of the proceeding which go beyond the scope of the motions now before the Court.

■ As Judge Medina recently said in Eisen v. Carlisle & Jacquelin (III), 479 F.2d 1005, 1016 (2d Cir.), cert. granted, 414 U.S. 908, 94 S.Ct. 235, 38 L.Ed.2d 146 (1973):

We agree with the ruling by the Fifth Circuit in Miller v. Mackey International, Inc., 452 F.2d 424 (5th Cir. 1971), that the preliminary hearing on the merits was improper. As

2. The first partial defense alleges failure of all plaintiffs other than one local union and four individuals to file charges with the United States Equal Employment Opportunity Commission (EEOC), as required by 42 U.S.C. § 2000e–5, and the failure to file such charges on behalf of any class of employees or retirees other than those of Sperry's Ford Instrument Division, represented by plaintiff Local 425.

The second partial defense seeks to bar any claims of discrimination arising more than 90 days prior to the filing of the charges with the EEOC.

The third, and complete, defense alleges that the Sperry pension plans were adopted pursuant to the request of and in agreement with unions acting as collective bargaining agents for Sperry's employees in its various divisions, including both the plaintiff unions and other unions not made party to the suit; that the relief requested includes changes in the pension and retirement provisions included in these collective bargaining agreements; that complete relief can be afforded only if directed against these unions as well as Sperry; and that both those unions named as plaintiffs and those unions not made parties are indispensable parties defendant.

Sperry's counterclaim is against the plaintiff unions only. Sperry asserts that in the event that Sperry is held liable in damages by reason of the acts alleged in the complaint, it has a right of contribution from the plaintiff unions.

stated by Judge Wisdom, 452 F.2d at page 427:

> In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.

A. *The Requirements of Rule 23(a).*

It is plain that the action has normal attributes of a typical class action. The class on whose behalf suit is filed, consisting of a large number of Sperry employees and retirees, is so numerous that joinder of all the members of the class is plainly impracticable. Rule 23(a)(1). Questions of law and fact with respect to the alleged discrimination are common to the class. Rule 23(a)(2). The claims, at least of the plaintiff employees as representative parties, are typical of the members of the class. Rule 23(a)(3). Thus, three of the four prerequisites of a class action prescribed in Rule 23(a) are clearly fulfilled.

The fourth prerequisite—that the representative parties will fairly and adequately protect the interests of the class, Rule 23(a)(4)—is the only one seriously challenged here.

■ To fairly and adequately protect the interests of the class, the class representatives must have interests that coincide with the class members and must be able to assure the Court that in representing them they will vigorously prosecute the action through competent attorneys. *E. g.,* Herbst v. Able, 47 F.R.D. 11, 15 (S.D.N.Y.1969); Dolgow v. Anderson, 43 F.R.D. 472, 494 (E.D.N.Y. 1968); Mersay v. First Republic Corp. of America, 43 F.R.D. 465, 469 (S.D.N.Y.1968).

There are two groups of plaintiffs who together seek to represent the male Sperry employees and former employees who will be members of the class. The first group consists of the 27 individual plaintiffs, all of whom are employees or retired employees of Sperry, who claim to be affected by the alleged discrimination. The second group is comprised of 6 unions, the 5 locals of the Sperry Gyroscope and Ford Instrument Divisions, and the International Union with which 4 of the locals are affiliated.

As to the first group, the individual plaintiffs, Sperry concedes that they are all employees or former employees who are covered by the pension plans and who claim to be affected by the alleged discrimination. Sperry takes the position, however, that, even so, these individuals cannot fairly and adequately protect the interests of a class of which they are members. Sperry points to the fact that a number of the plaintiffs are officers of the local unions named as co-plaintiffs; that some of them engaged in collective bargaining negotiations on behalf of their unions; and that these unions have interests which may conflict with those of the members of the class. Sperry's position is that these individual employee plaintiffs are therefore disqualified to represent the class. Sperry also claims that the individual plaintiffs who are not union officers were induced by the unions to become plaintiffs and are therefore also disqualified.

■ The plaintiffs who are union officers are not suing qua union officers. They are suing in their individual capacities for the protection of their rights as individual employees of Sperry which they claim have been violated. The interests of these plaintiffs as individual employees coincide with those of the members of the class. I see no reason why as class representatives they cannot fairly and adequately protect class interests.

■ As for the individual plaintiffs who are not union officers, there is even less reason to suppose that they would not fairly and adequately protect class interests. The fact that they may have been induced to become plaintiffs by their unions is, of course, not in the

least surprising from a realistic view of how class actions get under way. That fact does not disqualify these plaintiffs from acting as class representatives.

There is one further question as to the ability of the individual plaintiffs to fairly and adequately protect class interests. This concerns whether they are or can be represented by competent attorneys who are in a position to represent class interests and to prosecute the action vigorously on behalf of the class.

Sperry urges that the union plaintiffs have interests conflicting with those of the class and are therefore disqualified from acting as class representatives. Sperry further contends that the attorneys for all plaintiffs, including the individual employees, were selected by the unions, are primarily representing the union plaintiffs, and are acting in their behalf. Thus, says Sperry, the attorneys for the plaintiffs also necessarily have interests conflicting with those of the class and cannot be permitted to represent the class representatives.

I will first consider the claimed conflicts of interest of the union plaintiffs and the effect of such conflicts on the ability of the unions as class representatives to fairly and adequately protect class interests. I will then consider the position of the plaintiffs' attorneys.

Sperry contends that the following circumstances show conflicts of interest between the union plaintiffs and the members of the class, which preclude the union plaintiffs from acting as class representatives:

1. The challenged provisions of the Sperry retirement and pension plans in the Sperry Gyroscope and Ford Instrument Divisions were the result of collective bargaining agreements between the plaintiff locals and Sperry and are part of such agreements. Thus, says Sperry, the unions share responsibility for any alleged discrimination in the plans because they are parties to the discrimination under attack. Moreover, Sperry has counterclaimed against the union plaintiffs for contribution in the event that Sperry is held liable in damages for pension plan discrimination practiced against the male employee class. Sperry contends that this necessarily places the unions in a position where their interests conflict with those of the class.[3]

2. Plaintiff unions, in collective bargaining negotiations concerning pension rights of men and women employees since the effective date of Title VII in 1965, have taken positions inconsistent with the positions which they take in the present action.[4]

3. Since the union plaintiffs represent both male and female employees of Sperry, there is a serious potential conflict between the duty of the plaintiff unions to its male employee membership and their duty to female employee members.[5] This, says Sperry, is a con-

3. Cf. Wright & Miller, 7 Federal Practice and Procedure § 1768 at 646 for a discussion of the analogous situation in shareholder actions.

4. Sperry also contends that the plaintiff unions are using this suit as a tactical weapon in collective bargaining negotiations going beyond the scope of the issues here and dealing with extraneous matters having little to do with the interests of the individual class members. The unions deny this and charge, in turn, that Sperry's tactics are designed to avoid a decision on the merits of the issues presented and thus obtain collective bargaining advantages to the detriment of the interests of the affected class.

A good many of the mutual charges of collective bargaining gamesmanship have little relevance to the issues in this case. There may well be something to these mutual charges and it would not be surprising if there were. Gamesmanship of this character is all but inevitable in a case like this. However, the realities of the situation emphasize the need for careful scrutiny of the conflict of interest problem and its implications for the members of the affected class. Cf. Maynard, Merel & Co. v. Carcioppolo, 51 F.R.D. 273 (S.D.N.Y.1970).

5. Fair v. Southern Bell Telephone & Telegraph Co., 51 F.R.D. 543, 545 (N.D.Ga. 1971). Cf. Banks v. Seaboard Coastline Railroad, 51 F.R.D. 304 (N.D.Ga.1970).

flict which relates directly to the merits of the claims of discrimination and the remedies if such claims are sustained.

4. There is at least a serious question as to whether the plaintiff unions may be legally liable directly to the male employee class for damages suffered from pension plan discrimination resulting from the collective bargaining agreements negotiated and entered into by the unions. This would place the unions in direct conflict with the interests of the class membership.

I do not pass here on the ultimate merits of the questions which these contentions may raise. It is too early in the litigation to do so. It is apparent, however, from what appears on the record at this stage, that there are serious potential conflicts of interest between the union plaintiffs and the class which they seek to represent.

■ The question of conflict of interest between proposed class representatives and the class they seek to represent is an important consideration in determining whether the proposed representatives will fairly and adequately protect the interests of the class. Fair v. Southern Bell Telephone & Telegraph Co., *supra,* 51 F.R.D. at 545 (N.D.Ga. 1971). *See* Berland v. Mack, 48 F.R.D. 121, 127 (S.D.N.Y.1969). *Cf.* Maynard, Merel & Co. v. Carcioppolo, *supra.*

■ In this case, the potential conflicts of interest taken in combination are sufficiently serious and compelling to preclude a finding that the plaintiff unions will fairly and adequately protect the class interests.[6] I hold that the union plaintiffs are not proper representatives of the Sperry male employees who will constitute the class and the unions

will not be permitted to act as class representatives in this case.

■ The conflicts of interest which preclude the union plaintiffs from representing the male employee class inevitably affect the position of the attorneys for the plaintiffs in this litigation and their eligibility to represent the class.

Plaintiffs' attorneys were apparently retained by the unions and their expenses are paid by the unions. They have forceably asserted the unions' position in the action. A substantial part of the discovery thus far conducted has concerned the conflict of interest problem between the unions and the individual members of the class and possible liability of the unions for the alleged discrimination. The attorneys for the plaintiffs have also represented the unions in collective bargaining negotiations with Sperry on the subject at issue here.

There is no question about the competence of the firm acting as attorneys for the plaintiffs or its members. Nor is there any question that they are honorable and conscientious members of the profession. The difficulty is that because of the very nature of the conflict which exists between the interests of the union plaintiffs and the interests of the individual class members, the present attorneys for the plaintiffs are placed in an untenable professional position. Obviously, they can no longer represent both the individual class representatives and the union plaintiffs. Their representation of one or the other must necessarily cease.

Faced with this dichotomy, it must be determined which group of clients the plaintiffs' attorneys can continue to represent. It is quite clear from this record that they are disqualified to rep-

---

6. Even were potential conflicts less serious there is a question as to whether unions are proper class representatives of a class of individual members. *See* Wright & Miller, 7 Federal Practice and Procedure § 1761 at 588–592; Rosen v. Public Service Electric and Gas Co., 477 F.2d 90, 94 (3d Cir. 1973); Local 186 v. Minnesota Mining & Mfg. Co., 304 F.Supp. 1284, 1293 (N.D.Ind. 1969); Fed.R.Civ.P. 23.2. There is no question that a union may be a person aggrieved under the Act. 42 U.S.C. §§ 2000e and 2000e–5; Local 186 v. Minnesota Mining & Mfg. Co., *supra.*

resent members of the class and I so hold. While the present plaintiffs' attorneys may continue to represent the union plaintiffs in this case, they can no longer represent the individual class representative plaintiffs.

This, of course, leaves the individual class representative plaintiffs without attorneys at this juncture. In order to comply with the requirements of Rule 23(a)(4), it is necessary that these plaintiffs have competent attorneys to represent them who will vigorously prosecute the action on behalf of the class. This should present no undue difficulties. There should be no problem retaining attorneys fully competent and willing to represent the class in an action of this nature.

An important function of the court in passing on Rule 23 motions of this character is to place the action in a practical litigating posture from which it can proceed to a determination on the merits of the issue raised. The issues raised here are substantial ones. It would be a disservice to the sound and efficient administration of justice were the class representative plaintiffs here denied the opportunity to retain counsel and proceed with the action because it has been determined that there is a conflict of interest between them and the union plaintiffs. This is particularly so in the light of the voluminous proceedings already conducted and the length of time which has elapsed since the action was commenced.

Therefore, the designated class representatives will be given an opportunity promptly to retain competent attorneys to prosecute the action vigorously on their behalf. When such attorneys have been retained they may be substituted for the attorneys of the class representatives, subject to the approval of the court, and the action may proceed. The plaintiffs will then be permitted to serve an amended complaint reflecting the altered posture of the action.

B. *The Requirements of Rule 23(b).*

■ Plaintiffs seek designation of the class action under Rule 23(b)(2) as one in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." This is not seriously challenged. The fact that monetary damages are sought is no bar to the maintenance of the action under Rule 23(b)(2) where, as here, such damages are subsidiary to the injunctive and declaratory relief demanded.[7]

■ As for the question of notice: in this Circuit notice is required in all class actions as a matter of due process, Eisen v. Carlisle & Jacquelin (II), 391 F.2d 555, 564 (2d Cir. 1968)[8] and here

7. Robinson v. Lorillard Corp., 444 F.2d 791, 801–802 (4th Cir. 1971), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); Almenares v. Wyman, 334 F.Supp. 512, 519 (S.D.N.Y.), modified on other grounds, 453 F.2d 1075 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed. 2d 815 (1972); Wright & Miller, 7A Federal Practice and Procedure § 1775 at 22–24; 3B Moore's Federal Practice ¶ 23.45 [1] at 23–708 and n. 43 (2d ed. 1969). See Doe v. Shapiro, 302 F.Supp. 761, 762 (D.Conn. 1969), appeal dismissed, 396 U.S. 488, 90 S. Ct. 641, 24 L.Ed.2d 677 (1970); Solman v. Shapiro, 300 F.Supp. 409 (D.Conn.1969), aff'd mem., 396 U.S. 5, 90 S.Ct. 25, 24 L. Ed.2d 5 (1969); 3B Moore's Federal Practice ¶ 23.01 [10.—2] and ¶ 23.40 at 23–

654 (2d ed. 1969); Advisory Committee's Note, 39 F.R.D. 69, 102 (1966).

8. Zachary v. Chase Manhattan Bank, 52 F. R.D. 532, 535 (S.D.N.Y.1971); Lopez v. Wyman, 329 F.Supp. 483, 485–486 (W.D.N. Y.1971), aff'd, 404 U.S. 1055, 92 S.Ct. 736, 30 L.Ed.2d 743 (1972). Accord, Clark v. American Marine Corp., 297 F.Supp. 1305 (D.La.1969); Ostapowicz v. Johnson Bronze Co., 54 F.R.D. 465 (W.D.Pa.1972). See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); Wright & Miller, 7A Federal Practice and Procedure § 1793 at 201–05; but see Solman v. Shapiro, supra, 300 F.Supp.

there is no reason personal notice cannot be given to every class member.[9]

### C. Composition of the Class.

The composition of the class to be represented remains for determination. Plaintiffs seek to represent a broad class of all male employees and former employees in all divisions of Sperry throughout the country who are affected by allegedly discriminatory pension plan provisions. The question of how broad the class should be is complicated by a difficult problem: whether the unions who represent employees in the Sperry divisions throughout the country are indispensable parties to this action. Sperry raises this question by a motion to dismiss the action for failure to join such unions as indispensable parties.

Sperry's indispensable parties claim is predicated on the theory that the unions negotiated and were parties to collective bargaining agreements pursuant to which the allegedly discriminatory pension plans were set up; that if the class is entitled to relief, the collective bargaining agreements as well as the pension plans must be adjusted accordingly; and that this cannot be done without the presence of the unions as parties to the action, subject to the decrees of the court.

Rule 19, Fed.R.Civ.P., requires joinder if an absent party "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . . ." Whether an absent party is "indispensable" is a question which must be decided in the practical context of each particular case. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed. 2d 936 (1968).

Applying the pragmatic considerations governing Rule 19, it appears that the absent unions are persons "to be joined, if feasible" under Rule 19(a).[10] Having negotiated with Sperry Rand over the contents of the collective bargaining agreements, the absent unions clearly have an interest in litigation which seeks to rewrite portions of those agreements. Once the validity of certain provisions in the agreements has been ruled on, the absent unions' interests are affected without their having been accorded an opportunity to be heard by the Court.[11]

It appears that several of these absent unions are locals who negotiated and are parties to the collective bargaining agreements in the Sperry Gyroscope and Ford Instrument and, possibly, the Systems Management Divisions, all in New York. There is no jurisdictional or other bar to joining these New York unions as parties and thus their joinder appears feasible. The defendant is directed to

---

at 411–412 n. 1; Wright & Miller, 7A Federal Practice and Procedure § 1786 at 142–44 (critical of rule); 3B Moore's Federal Practice ¶ 23.45 [1] at 23–704 (2d ed. 1969). In any case, the court has discretion to require notice under Rule 23(d). Ostapowicz v. Johnson Bronze Co., *supra*; Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122, 1125 (5th Cir. 1969); *but see* Advisory Committee's Note, 39 F.R.D. 69, 106–07 (1966).

9. *Cf.* Berland v. Mack, *supra*, 48 F.R.D. at 129.

10. Provident Tradesmens Bank & Trust Co. v. Patterson, *supra*; Le Beau v. Libby-Owens-Ford Co., 484 F.2d 798 (7th Cir. 1973).

*See* Photometric Products Corp. v. Radtke, 17 F.R.D. 103 (S.D.N.Y.1954); Wright & Miller, 7 Federal Practice and Procedure §§ 1602, 1604, 1620. *But see id.*, § 1771 at 662–664.

11. *See* Neal v. System Board of Adjustment, 348 F.2d 722, 727–728 (8th Cir. 1965) (dictum: unions indispensable parties since contract would be affected by decree granting plaintiffs relief); United States v. T.I.M.E.-D.C. Inc., 335 F.Supp. 246 (N.D.Tex.1971) (similar); Morris v. Steele, 253 F.Supp. 769 (D.Mass.1966) (similar); *cf.* Butler v. Local No. 4 and Local No. 269, 308 F.Supp. 528 (N.D.Ill.1969) (International Union was not indispensable party since only actions of locals challenged).

give notice to these absent New York unions of this lawsuit. The absent unions may then join the unions now parties as parties plaintiff. If they fail to do so within 20 days after notice is served upon them, so advising them, they will be brought in as parties defendant and the Court so directs.

The situation is quite different as to the employees of Sperry divisions outside of New York and the unions representing them. Numerous male employees or former employees of these divisions appear to be participants in Sperry pension plans substantially similar to those alleged to be discriminatory in the case at bar. If the employees of these divisions are included in the class, the unions which negotiated and are parties to the collective bargaining agreements pursuant to which the allegedly discriminatory pension plans affecting these employees were set up should, like the New York locals, be made parties, if feasible, pursuant to Rule 19(a). However, these locals have their situs in the widely scattered places outside New York where the various Sperry Divisions are located. None of these locals have sought to join the action in any capacity, though they could scarcely be unaware that the action is pending. There is no indication that they are subject to the in personam jurisdiction of this Court. Presumably they are not.

Thus, a determination by the Court is required under Rule 19(b) as to how the action should proceed, when parties who should be joined if feasible cannot be joined. The Court is given no precise formula under Rule 19 to guide it in this determination.[12] Instead, discretion is vested in the court to determine, in the light of the factors stated in the Rule and pragmatic considerations, how the action should best proceed in the particular circumstances. Provident Tradesmens Bank & Trust Co. v. Patterson, *supra*; Wright & Miller, 7 Federal Practice and Procedure § 1604 at 45–46; *see id.* §§ 1607, 1608.

Here a determination that the Sperry pension plans participated in by employees of out-of-New York divisions are discriminatory would adversely affect rights and interests of the unions in such divisions which are parties to collective bargaining agreements under which these plans were set up. Thus, substantial prejudice to these unions could well result.[13] There is also a question whether, if such a determination were made, the ultimate rights and obligations of defendant Sperry under the pension plans and the collective bargaining agreements applying to employees in these divisions could be adequately resolved in the absence of the unions. Moreover, in the absence of the unions there is a further question as to whether a judgment adequate to fully and satisfactorily protect the rights and remedies of the out-of-New York employees could be rendered.

Under these circumstances, the unions in the out-of-town divisions must be considered as indispensable parties under Rule 19(b) in an action to determine the claims of such employees of discrimination in pension plans set up pursuant to collective bargaining agreements which such unions negotiated and became bound by.

The question is whether, in equity and good conscience, in the absence of the unions as parties, the action should proceed with employees of the out-of-New York divisions included in the class, or whether such employees should be excluded from the class because the absent unions are indispensable parties. Rule 23(d) gives the Court appropriate discretion to adjust the posture of a class action so as to prevent undue complica-

12. Wright & Miller, 7 Federal Practice and Procedure, § 1604 at 35.

13. See cases cited notes 10 and 11, *supra.*

tions and to protect the rights of absent parties.[14]

Since these unions, though indispensable parties, cannot be joined as parties, the claims of the out-of-New York employees should not be litigated in this action. These employees, therefore, will be excluded from the class to be represented here.[15]

Exclusion from the class to be represented here will not adversely affect the rights and remedies of these employees. They, or representatives acting in their behalf, remain free to assert any claims of pension plan discrimination against Sperry in the appropriate fora where the various unions which should be joined as parties if feasible, can be joined.

Thus, the class to be represented in this action will be defined as follows: All male employees or male former employees of the Sperry Gyroscope, Ford Instrument and Systems Management Divisions of Sperry who are or have been since July 2, 1965 participants in a Sperry retirement and pension plan which provided or provides, as to them, different retirement ages, early retirement ages, or retirement benefits for men and women. The action will proceed with the class so limited and with the individual plaintiffs as class representatives.

It would be premature in the present state of the record to pass on the requests of Sperry to further limit the class by excluding other specific groups of employees. In due course, and if and when it appears appropriate, application may be made to the Court for further exclusions from the class or division of the class into subclasses, as Rule 23 provides.

The motions of the plaintiffs for a class action determination and for determination of the composition of the class are granted to the extent indicated in the foregoing discussion, and otherwise denied.

## II. *The Remaining Motions*

A. *Sperry's Motion to Dismiss for Failure to Join Indispensable Parties and Plaintiffs' Motion to Dismiss Sperry's Third Defense.*

Sperry has moved to dismiss the action for failure to join the plaintiff unions and other unions as indispensable parties defendant or, in the alternative, to realign the plaintiff unions as parties defendant. In addition, as a third defense, Sperry has alleged the failure to join the union plaintiffs and other unions representing employees at the Sperry Gyroscope and Ford Instrument Divisions and possibly the Systems Management Division, of Sperry, all in New York, which are not presently parties, as indispensable parties defendant. Plaintiffs, in turn, have moved to strike that defense as insufficient in law.

As far as the union plaintiffs are concerned, they are already parties to the action. Even though they are plaintiffs, they are fully subject to the decrees of the court. There is certainly no reason to dismiss the action for failure to join them as parties.

Nor do I see any good purpose to be served by making the union plaintiffs parties defendant. I see nothing in Rule 19, Fed.R.Civ.P., that requires such realignment in the circumstances here.

14. *Cf.* City of New York v. International Pipe & Ceramics Corp., 410 F.2d 295, 298 (2d Cir. 1969).

15. *See* Reyes v. Missouri-Kan.-Tex. R.R., 53 F.R.D. 293 (D.Kan.1971); Morris v. Steele, *supra*; Bremer v. St. Louis Southwestern R.R., 310 F.Supp. 1333, 1339–1340 (E.D. Mo.1969); Bond v. Harris, 239 F.Supp. 427 (S.D.N.Y.1964); see cases cited n. 11 *supra*. *Cf.* Gorham v. Edwards, 160 F.Supp. 928 (S.D.N.Y.1958); Ward v. Deavers, 92 U.S. App.D.C. 167, 203 F.2d 72 (1953). *But see* PepsiCo, Inc. v. F. T. C., 472 F.2d 179 (2d Cir. 1972), cert. denied, 414 U.S. 876, 94 S. Ct. 44, 38 L.Ed.2d 122 (1973).

■ The union plaintiffs have taken a position in the action that the Sperry pension plans set up under the collective bargaining agreements discriminate against men and in favor of women, in violation of Title VII. They seek to have such discrimination eliminated. The unions are entitled to that position. Of course, in so doing they must accept whatever legal consequences flow from the position which they have taken.

Plaintiff unions may remain as parties plaintiff, represented separately by their present attorneys who from now on will no longer represent the class. The union plaintiffs will serve a new and separate complaint stating their claims for relief against Sperry.

The unions in the New York divisions who are not presently parties will be joined as parties, as I have previously directed. Thus, there are now no absent party problems as far as the claims of the employees of the New York divisions who comprise the class are concerned.

Finally, since the employees of the out-of-town divisions have been excluded from the class, there is no longer any indispensable party problem as to the unions representing such employees.

Sperry's motion to dismiss for failure to join indispensable parties defendant or, in the alternative, to realign the union plaintiffs as parties defendant, is denied. Plaintiffs' motion to strike the third defense based on failure to join indispensable parties defendant is granted.

B. *Motion to Dismiss Sperry's First Defense.*

As a first partial defense, Sperry alleges that only four of the individual plaintiffs and one union plaintiff have filed and processed charges of discrimination with the EEOC as required by 42 U.S.C. § 2000e–5, and that no such charges were filed except with respect to employees of the Ford Instrument Division prior to the commencement of the action.[16] Plaintiffs have moved to strike this jurisdictional defense as insufficient in law.

■ The four individual plaintiffs who filed and processed such charges did so on behalf of themselves and all others similarly situated. It is quite plain that whatever variations there may be in the pension plans participated in by the employees in the various Sperry New York divisions, all of the male employees and retirees covered by these plans were similarly situated to the employee plaintiffs who filed charges insofar as the charges of sex discrimination are concerned.

■ It is well settled that the filing and processing of charges by plaintiff members of the class on behalf of those similarly situated is sufficient to satisfy the requirements of the statute. *See, e. g.,* Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 720 (7th Cir. 1969); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968); Local 186 v. Minnesota Mining & Mfg. Co., *supra.*

Plaintiffs' motion to strike the first partial defense is granted.

C. *Motion to Dismiss the Counterclaim.*

Sperry has asserted a counterclaim against plaintiff unions for contribution in the event that Sperry is held liable in damages because of the alleged discrimination. Liability for contribution is asserted on the ground that the pension plan provisions under attack were adopted and effectuated pursuant to collective bargaining agreements between the unions and Sperry.

Plaintiff unions have moved to dismiss the counterclaim on the grounds that (1) they are not liable for contribution as a matter of law, and (2) any claims for contribution are not matured

---

16. It may be noted that individual employee plaintiffs in the Gyroscope Division also filed and processed charges with the EEOC subsequent to the commencement of the action.

and cannot be asserted by way of counterclaim.

As to the first of these grounds: Plaintiffs apparently go on the premise that the counterclaim is laid under Title VII and urge that no such claim lies under that Title. While the legal theory on which the counterclaim proceeds is by no means clear, it may well be in the nature of a claim against joint tort-feasors. See Blanton v. Southern Bell Telephone & Telegraph Co., 49 F.R.D. 162 (N.D.Ga.1970); Gilbert v. General Electric Company, 59 F.R.D. 267 (E.D.Va. 1973). There is no factual basis in the record at this time which would justify dismissal of the counterclaim.

The contention of the plaintiff unions that the counterclaim must be dismissed because it is an unmatured claim which cannot be asserted under Rule 13, Fed. R.Civ.P., is not a ground for its dismissal, either. The cases are in some conflict as to whether or not an unmatured claim can be asserted as a counterclaim under Rule 13. Several cases take the position that such a claim cannot be asserted as a counterclaim against a plaintiff but only as a cross-claim against an impleaded defendant under Rule 14.[17]

As Judge Dooling said in Atlantic Aviation Corporation v. Estate of Costas, 332 F.Supp. 1002 (E.D.N.Y.1971):

> [Such a] reading of Rules 13 and 14 is almost perversely narrow. Contrast: Rule 18(b) Surely Rule 14(a) must be read as meaning essentially that even if one against whom a defending party has a claimover is not a party to the action the claimover may be presented by the simple expedient of bringing the third party defendant into the case. It is uselessly mischievous to read into Rule 14(a) the negative implication that if the prospective "third party defendant" is already in the case, as the party plaintiff or otherwise, the "third party plaintiff's claim" against the "third party defendant" may not be presented in and by the type of pleading—the plain counterclaim—that would normally be served between the parties. In the case of a defendant's "third party plaintiff" claim against a plaintiff, the apt pleading is the counterclaim; in the case of a defendant having a claimover for indemnification against another defendant, a claim that the co-defendant is or may be liable for all or part of the claim asserted in the action against him is made by the pleading usual among defendants, the cross claim, and Rule 13(g) expressly so provides.

332 F.Supp. at 1007.[18]

I fully agree with Judge Dooling. The claim asserted in the Sperry counterclaim falls within the precise language of Rule 13(a). It is a litigable claim which defendant Sperry has against the opposing plaintiff unions. It arises out of the occurrences which are the subject matter of the opposing plaintiff unions' claim. The Federal Rules of Civil Procedure are designed to encourage the litigation of all claims arising out of the same occurrences in the same lawsuit. Such a claimover on behalf of Sperry, a primary defendant, against the plaintiff unions, is within the definition of a counterclaim and is litigable in the action. The motion by plaintiff unions to dismiss the counterclaim is denied.

Settle Order on 15 days' notice. Counsel are advised that when such order has been entered, further proceed-

---

17. Slavics v. Wood, 36 F.R.D. 47 (E.D.Pa. 1964); Hartford Accident & Indemnity Co. v. Levitt & Sons, Inc., 24 F.R.D. 230 (E.D. Pa.1959); 3 Moore's Federal Practice ¶ 13.32 at 13–820–21 (2d Ed.1972). See Stahl v. Ohio River Co., 424 F.2d 52 (3d Cir. 1970); Campbell v. Meadow Gold Products Co., 52 F.R.D. 165 (E.D.Pa.1971).

18. Wright & Miller, 6 Federal Practice and Procedure §§ 1411 at 54–57; and Gilbert v. General Electric Co., supra, 59 F.R.D. at 271–272.

ings in the action will be had before Judge Duffy, to whom the case has been assigned for all purposes.

It is so ordered.