In the Matter of the Application of GEORGE E. GRAVES and Others, as Justices of the Peace of the Town of Herkimer, Herkimer County, New York, Respondents-Appellants, against FLOYD S. HARTER, as Supervisor, L. ERNEST SCOTT and Others, as Town Councilmen of the Town of Herkimer, etc., and JOHN McANDREW, as Town Clerk of the Town of Herkimer, Appellants-Respondents.— Order affirmed, without costs. All concur. (The order directs audit and payment of petitioners' salaries.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

ELSIE RONEKER, Respondent, v. ANNA RONEKER, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment declares a certain deed to be a mortgage. The order denies motion for a new trial on the ground of newly-discovered evidence.) Present — Sears, P. J., Taylor, Edgcomb, Thompson, and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD LEWIS, Appellant.— Judgment of conviction affirmed. All concur, except Thompson and Lewis, JJ., who dissent and vote for reversal on the law and facts and for dismissal of the indictment. (The judgment convicts defendant of the crime of arson, second degree.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

CORA B. CAUDWELL, Respondent, v. VILLAGE OF HAMBURG, Appellant.— Judgment and order affirmed, with costs. Injunction suspended until September 6, 1936. All concur, except Edgcomb and Crosby, JJ., who dissent and vote for reversal on the law and facts, and to remit the case to the Special Term to determine the amount of the rental and fee damages which the plaintiff has sustained by reason of the appropriation by the defendant of plaintiff's property rights in and to the stream in question, and that, when such damage has been determined, a judgment may be entered providing that, if within thirty days after the plaintiff shall tender to said defendant a release of his property right to have said stream remain as it would be without any diversion or interference of the water by the defendant, said defendant shall pay or tender to said plaintiff the amount of the damages so fixed by the court, in which event no injunction shall issue, but that if said defendant shall fail to pay said damages as above provided, that then and in that event said injunction shall issue. We think that plaintiff's rights can be amply protected in the manner indicated and that expensive and perhaps lengthy condemnation proceedings avoided. (See Cox v. New York City, 265 N. Y. 411; Shaw v. R., S. & E. R. R. Co., 131 App. Div. 528; Ferdon v. N.Y., O. & W. R. R. Co., Id. 386; Dailey v. Northern New York Utilities, Inc., 129 Misc. 183.) (The judgment restrains defendant from diversion and pollution of a watercourse. The order denies a motion to reopen the case.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

MARGARET FERGUSON, Respondent, v. VILLAGE OF HAMBURG, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.