## VAN KANNEL REVOLVING DOOR CO. v. GENERAL BRONZE CORPORATION.

### No. 7806.

District Court, E. D. New York.
April 2, 1937.

Munn, Anderson & Liddy, of New York City, for plaintiff.

Moses & Nolte, of New York City (Edmund Quincy Moses and James N. Catlow, both of New York City, of counsel), for defendant.

BYERS, District Judge.

The defendant in this equity cause for patent infringement has brought on a motion for leave to file a counterclaim asserting infringement on the part of the plaintiff of U. S. Letters Patent Nos. 2,050,584 and 2,051,008, which have been assigned to it by the patentees. These patents were granted August 11, 1936, about ten months after the bill of complaint was filed, and relate to claimed inventions which are not involved in U. S. Letters Patent No. 1,-914,237, for the alleged infringement of which the plaintiff complains.

The case was marked off the calendar under Equity Rule No. 57 (28 U.S.C.A. following section 723) and was restored for trial at the May Term by order dated March 31, 1937.

It does not appear that any testimony has been taken, thus distinguishing the facts from those present in the case of Flowers v. Magor Car Corporation (D.C.) 26 F.(2d) 98.

The question for decision is whether under Equity Rule No. 30 (28 U.S.C.A. following section 723) the court is required to grant the defendant's motion.

There is no longer room for misunderstanding of the scope or effect of this rule with respect to a counterclaim pleaded in the answer, certainly where the defendant alleges infringement by the plaintiff of a patent directly involved in the plaintiff's cause. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408.

■ If this motion is addressed to the discretion of the court, and there is authority for the statement that it is [see Flowers v. Magor Car Corporation, supra; Texas Co. v. Borne Scrymser Co. (C.C.A.) 68 F. (2d) 104; United Kingdom Optical Co. v. American Optical Co. (D.C.) 2 F.Supp. 174, at page 176], it is thought that the discretion should be exercised against the granting of the motion.

■ Having in mind that the purpose of the new equity rules was "to simplify equity pleading and practice by limiting the pleadings to a statement of ultimate facts without evidence and by uniting in one action as many issues as could conveniently be disposed of" (American Mills Co. v. American Surety Co., 260 U.S. 360, at page 364, 43 S.Ct. 149, 151, 67 L.Ed. 306), consideration must be given to the issues made by the pleadings in their present condition.

■ The plaintiff relies upon a patent for a wing-locking device for revolving doors whereby the door wings fold into parallel relation upon the application of unusual pressure, such as would result from the sudden efforts of a large number of people to seek egress from a building equipped with such doors. The object is said to be accomplished according to the teachings of the patent, which involve the elimination of devices designed to hold the door wings in radial relation, such as chains, braces and the like.

The issues of validity and infringement cannot be resolved in the light of what is taught by the two later patents which the defendant wishes to plead.

The latter deal with the revolving door art, but are addressed to structures other than the wing-locking device claimed by plaintiff: No. 2,051,008 has to do with a brake mechanism determining the speed of rotation of revolving doors; and No. 2,-051,584 is a comprehensive grant the first fifteen claims of which are directed to hinge arms holding the door leaves, the next six with "panic" chains attached to the leaves, and the remaining twelve with means for governing the speed, i. e., braking the speed of rotation, and the combination of these various elements.

Thus it appears that the issues as made by the present pleadings cannot be simpli-

fied by injecting into the trial of the cause, recently acquired patent rights which may not be incompatible with those asserted by the plaintiff.

The defendant's motion papers are barren of any showing that convenience, in the disposition of the apparently unrelated controversies between the parties, would be promoted by permitting the filing of the proffered counterclaim.

The motion will be denied in the exercise of what is believed to be a discretion residing in the court and not inconsistent with the provisions of Equity Rule No. 30 (28 U.S.C.A. following section 723).

Settle order.