## GENERAL MOTORS CORP.
### v.
### KOLODIN.
#### Civ. 13702.

United States District Court,
E. D. New York.

June 28, 1954.

Byerly, Townsend & Watson, New York City, Charles M. Hussey, New York City, for plaintiff.

Samuel J. Stoll, Jamaica, N. Y., for defendant.

RAYFIEL, District Judge.

There are three motions. The first, by the plaintiff, is to strike from both the answer and amended answer paragraph numbered 1 thereof for the reason that they do not comply with Rule 8(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and to strike from the amended answer the fourth defense and counterclaim and the paragraph numbered 3 of the defendant's prayer for relief on the ground that they are based upon an after-acquired cause of action which, pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, may not be presented without the permission of the court.

The remaining motions are made by the defendant. One is for leave to serve and file a second amended answer to meet the plaintiff's objection to paragraph 1 of the answer and amended answer. The other is for leave to serve and file a supplemental answer, which is to constitute a fourth defense and counterclaim and the basis of the relief sought in the third paragraph of the prayer for relief in the amended answer.

The plaintiff having consented thereto, the defendant's motion for leave to serve and file a second amended answer is granted. In view of the disposition, hereinafter made, of the defendant's motion for leave to serve and file a supplemental answer it will be unnecessary to pass upon plaintiff's motion to strike the fourth defense and counterclaim.

There is left to be decided, then, the defendant's motion for leave to serve and file a supplemental answer asserting his fourth defense and counterclaim and his prayer for relief based thereon.

In said defense and counterclaim the defendant alleges a cause of action against the plaintiff for infringement of the Wallace patent, number 2,156,930, which is owned by him.

The complaint in this action charged the defendant with patent infringement, trade-mark infringement and unfair competition involving an automobile jack, on which there was issued a patent, number 2,609,178, owned by the plaintiff. The complaint was served on July 28, 1953, and the answer on August

**22**

14, 1953. On August 25, 1953, the defendant acquired, by assignment from Eugene Wallace, the owner thereof, patent number 2,156,930, covering an automobile jack.

The plaintiff claims that the Wallace patent was acquired by the defendant for the purpose of hindering and delaying the plaintiff in the trial of this action and of making more difficult the prosecution thereof; further, that the claims under said patent are unrelated to the plaintiff's causes of action and that therefore the defendant's motion for leave to serve and file a supplemental answer asserting a cause of action for infringement of that patent should be denied.

■ Rule 13(e) of the Federal Rules of Civil Procedure provides that "A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." The defendant's motion, therefore, is addressed to the discretion of the court.

■ The plaintiff has cited Texas Co. v. Borne Scrymser Co., 4 Cir., 68 F.2d 104, and Van Kannel Revolving Door Co. v. General Bronze Corp., D.C., 18 F.Supp. 718, in support of its position that the defendant should not be permitted to interpose a counterclaim based on an after-acquired patent.

These cases are distinguishable from the case at bar. In Texas Co. v. Borne Scrymser Co., supra, the facts relating to the acquisition of the after-acquired patent were before the court, which found that the purpose was to "launch a counter offensive and make more difficult the prosecution of any charge of its infringement of the [plaintiff's] patent". [68 F.2d 105.] The opinion states, at page 105 "* * * we find that a *preponderance of the evidence* justifies the inference we have drawn as to the purposes for which the counterclaim was acquired and filed." (Emphasis added.) In the case at bar there is no evidence respecting the purpose for which the Wallace patent was acquired or as to when the negotiations for its purchase were commenced.

In the case of Van Kannel Revolving Door Co. v. General Bronze Corp., supra, Judge Byers found that the after-acquired patent was unrelated to the patent in suit as were the controversies involved. In the case at bar it appears that there may be a similarity between the claims in the plaintiff's patent and those in the defendant's after-acquired patent.

■ No authority need be cited for the proposition that the Federal Rules of Civil Procedure should be liberally construed to avoid a multiplicity of suits. No useful purpose would be served in relegating the defendant to an independent suit against the plaintiff for infringement of his patent, the probable result of which would be a motion to consolidate the actions.

Accordingly, the defendant's motion is granted, and the plaintiff will have twenty days after the service upon its attorney of the defendant's supplemental answer within which to serve its reply.

Settle orders on notice.