**HACKENSACK WATER COMPANY,**
**Plaintiff,**

v.

**The VILLAGE OF NYACK, Defendant.**
**No. 67 Civ. 2573.**

United States District Court,
S. D. New York.
Aug. 25, 1970.

**8**

See also D.C., 289 F.Supp. 671.

LeBoeuf, Lamb, Leiby & MacRae, New York City, Taylor R. Briggs, G. S. Peter Bergen, Geoffrey D. C. Best, New York City, of counsel, for plaintiff.

Costello, Cooney & Fearon, Syracuse, N. Y., George R. Fearon, Charles E. Cooney, Jr., Angela E. Struglia, Syracuse, N. Y., of counsel, for defendant.

### MEMORANDUM

TENNEY, District Judge.

Defendant, the Village of Nyack (hereinafter referred to as "Nyack"), moves pursuant to Fed.R.Civ.P. 15(a) to amend its answer to the within complaint.

Plaintiff, Hackensack Water Company (hereinafter referred to as "Hackensack"), is a New Jersey water utility which draws water from the Hackensack River in order to supply the public of Hudson and Bergen Counties, New Jersey. Hackensack owns riparian land in New Jersey located alongside the Hackensack River and downstream of the point at which Nyack diverts water from the river in order to supply the Village of Nyack as well as the communities of South, Central, West and Upper Nyack.

Hackensack has expended large sums to increase the daily dependable flow of the river by constructing reservoirs and dams. In 1958, Nyack applied to the New York Water Resources Commission for permission to increase the amount of water it was diverting from the river. Hackensack opposed that application, urging that Nyack be limited in the amount of water that it could divert to the amount of water it was using prior to 1958, and that the increased flow of the river be reserved for use by Hackensack and its subsidiary, the Spring Valley Water Company. The Commission, however, ruled in favor of Nyack and approved the application. That determination was upheld on review by the Appellate Division. Spring Valley Water Works and Supply Co. v. Wilm, 14 A.D. 2d 658, 218 N.Y.S.2d 800 (1961).

By reason of Nyack's increased diversion of water from the river, Hackensack has commenced suit against Nyack seeking to recover damages allegedly sustained as a result of having to purchase additional water from other sources in order to meet its water requirements.

Nyack now moves to amend its answer in order to assert as a defense to the within complaint that it has acquired a prescriptive right to divert water from the Hackensack River.

Fed.R.Civ.P. 15(a) specifically states that leave to amend the pleadings should be given freely when justice so requires.

The Supreme Court, in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962), expounded on this rule and stated that leave to amend should be granted freely and denied only in rare instances. One reason for refusing leave to amend set forth by the Court was if it appeared that the amendment would be futile.

Hackensack contends that the proposed amendment to Nyack's answer would be futile because the defense raised is insufficient as a matter of law. Hackensack relies on two cases to support the proposition that the prescriptive rights defense alleged is wholly without merit. Hartzell v. Village of Hamburg, 155 Misc. 345, 279 N.Y.S. 650 (Sup.Ct.1935), aff'd *sub nom.* Caudwell v. Village of Hamburg, 248 App.Div. 667, 289 N.Y.S. 910 (1936), modified, 273 N.Y. 476, 6 N.E.2d 411 (1936); Knauth v. Erie R. R., 219 App.Div. 83, 219 N.Y.S. 206 (1926). In both of these cases the courts held that in order to acquire a prescriptive right to divert water one must use a definite amount of water for the statutory period, and that the user could not increase the amount diverted during the running of the statutory period and then claim a right to that increased amount. Relying on these principles, Hackensack contends that since Nyack has failed, in its proposed amendment, to state the specific amount of water that it has diverted in the past, its proposed amendment is insufficient as a matter of law.

█ █ Since Nyack's proposed amendment states that it has acquired a prescriptive right to divert water from the Hackensack River by virtue of its continuous withdrawal, since 1935 and earlier, of an amount of water equal to the daily dependable flow of the river in its natural condition, and that this amount is estimated to be 1.5 million gallons of water per day, the requirements of Hartzell v. Village of Hamburg, and Knauth v. Erie R. R., *supra*, certainly appear to be satisfied. This is especially true since, for the purposes of this motion, the Court must accept the allegations set forth in the proposed amended answer as true. *E. g.*, Cooper v. American Employers' Ins. Co., 296 F.2d 303, 307 (6th Cir. 1961). Thus, unless there is no set of facts, which if proved under the amendment would constitute a valid and sufficient defense, leave to amend should be permitted. *See* 3 J. Moore, Federal Practice ¶ 15.08 [4], at 905 (2d ed. 1968), and cases cited therein. Certainly, Nyack should be permitted to present evidence of its diversion of a certain amount of water from the river for a specified number of years in order to try to establish its prescriptive right to that amount of water. In fact, inasmuch as Nyack has asserted facts in the proposed amendment, which if proved could constitute a valid defense, Hackensack's contention that said amendment is insufficient as a matter of law is without merit.

Accordingly, and for the foregoing reasons, defendant's motion for leave to amend its answer is granted.

So ordered.