AVIATION MATERIALS, INC., a Tennessee Corporation, and Graham LOTT, President, Plaintiffs,

v.

Larry D. PINNEY, d/b/a Aerotron Radio Service, Defendant.

No. 74–C–156.

United States District Court,
N. D. Oklahoma,
Civil Division.

Jan. 8, 1975.

Joseph LeDonne, Jr., Tulsa, Okl., for plaintiffs.

Lawrence A. G. Johnson, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This action arises from an alleged conversion of Plaintiffs' airplane by Defendant. The plane had been left with Defendant by Plaintiffs for repair of some of its radios. The aircraft was damaged by a crash after the alleged conversion and while being flown by Defendant. Jurisdiction is based on diversity and jurisdictional amount. After the case was at issue, Defendant made an Application for Order Allowing Counterclaim and for Order Making Additional Parties Defendant to Counterclaim. In such Application he sought permission to file an action for malicious prosecution against Plaintiff, two of its officers, and Plaintiffs' attorney herein. Defendant contended that Plaintiff and the proposed additional parties had caused criminal charges to be filed against him for the offense of embezzlement by a bailee and that subse-

quent to the filing of his Answer herein said criminal charges had been concluded in his favor giving rise to a purported malicious prosecution action. Defendant sought in this Application a declaration that his requested Counterclaim was compulsory. Defendant's purpose in making such request was because diversity of citizenship did not exist between him and one of the proposed parties to be added and thus jurisdiction would not have existed as to the proposed counterclaim. On November 21, 1974, this Court entered its Order in which it was concluded that the proposed Counterclaim was not a compulsory counterclaim and by which Defendant's Application was denied.

Defendant has now filed an Application for Leave to File Permissive Counterclaim Against (only) Aviation Materials, Inc., Plaintiff herein. In his Brief in support of this Application, Defendant states that the Court is conversant with the basis for his request by reason of having ruled on his previous application. He notes that the basis for such request is found in Rule 13(e), Federal Rules of Civil Procedure, which relates to claims maturing or being acquired by a party after serving his pleading. He urges that the proposed counterclaim is now mature by reason of Defendant's acquittal in the criminal action. He further notes that his request is discretionary with the Court. The Court is familiar with Defendant's request by reason of having considered his previous application and therefore a Response to the instant Application has not been requested from Plaintiff.

 Permission to file an after-acquired counterclaim pursuant to Rule 13(e), *supra,* is addressed to the discre-

tion of the Court. General Motors Corp. v. Kolodin, 16 F.R.D. 20 (E.D.N.Y. 1954). The rationale adopted by this Court in its Order of November 20, 1974 in finding that the proposed counterclaim was not compulsory was stated as follows:

> "Due to the significant difference in a conversion action and a malicious prosecution action, it is not deemed that there is a logical relationship between the two as that term has been used."

Although the same standards as considered in Defendant's previous request are not required to assert a permissive counterclaim as requested in the instant application, the Court should take into consideration the relationship of the proposed counterclaim and Plaintiff's original claim. Another matter which may be considered is whether a counterclaim would add to the complexities of the original action. Rosemont Enterprises, Inc. v. Random House, Inc., 261 F.Supp. 691 (S.D.N.Y.1966). A counterclaim should not be permitted if it would serve to hinder and delay the plaintiff and to make it more difficult to prosecute its claim. Texas Co. v. Borne Scrymser Co., 68 F.2d 104 (Fourth Cir. 1933). It is most likely that the assertion of the proposed malicious prosecution counterclaim against Plaintiff would prejudice Plaintiff's original conversion claim and if so, it would then possibly require that the issues be separated. In this latter event, the avoidance of a multiplicity of actions [1] would be thwarted. In considering the situation involved herein as a whole, the Court in the exercise of its discretion determines that the Application under consideration should be denied.

---

1. One of the purposes for allowing a permissive counterclaim. Brown Paper Mill Co. v. Agar Mfg. Corporation, 1 F.R.D. 579 (S.D. N.Y.1941).