INDEX FUND, INC., Plaintiff,

v.

Robert R. HAGOPIAN, et al., Defendants.

No. 73 Civ. 2665 (CHT).

United States District Court, S. D. New York.

Oct. 15, 1981.

Charles E. McGuinness, New York City, for plaintiff; B. Alan Seidler, New York City, of counsel.

Graves & Allen, Oakland, Cal., Olshan, Grundman & Frome, New York City, for defendant Robert R. Hagopian; Jeffrey Allen, Oakland, Cal., Peter Schram, New York City, of counsel.

## OPINION

TENNEY, District Judge.

Index Fund began this action on June 15, 1973, charging defendants with violations of various securities laws. Defendant Hagopian answered in December 1973 with a general denial. The case lay dormant for several years until Index Fund began discovery last year. In 1981 Hagopian, in his answer to cross-claims of his codefendants, asserted counterclaims against Index Fund for contributory and comparative negligence and for a declaratory judgment on his right to indemnification by Index Fund should the cross-claimants prevail. Index Fund has moved to strike Hagopian's counterclaims as time barred. Hagopian has cross-moved for leave to assert his claims in an amended answer or a supplementary pleading. For the reasons discussed below, plaintiff's motion to strike is granted and defendant is granted leave to file an

amended answer and a supplementary pleading.

*Background*

The complaint in this action alleges a scheme to defraud the plaintiff by causing it to purchase worthless securities from an "off-shore" mutual fund, referred to as the Armstrong Fund, which was administered by Armstrong Capital, S.A. The complaint alleges that Hagopian, a former president of Index Fund and chairman of its investment adviser, Meridian Management Corporation, received bribes in exchange for purchasing the worthless securities on Index Fund's behalf. First National City Bank ("Citibank"), which had agreed to act as transfer agent, registrar, and corporate domiciliary for the Armstrong Fund, and to provide it with officers and directors, and First National City Trust Company (Bahamas) Limited ("Cititrust"), Citibank's subsidiary, are alleged to have permitted the fraudulent transactions through their failure to properly monitor the Armstrong Fund's activities.

Citibank and Cititrust filed an answer to the complaint on or about September 21, 1973. Armstrong Investors, S.A. and Armstrong Capital, S.A. (collectively referred to as "Armstrong") served Index Fund with their answer on or about October 18, 1973, although they failed, for unexplained reasons, to file their answer with the Court until May 10, 1976. Armstrong's answer and Citibank's and Cititrust's answer both contained cross-claims against Hagopian, but neither was served on him, as he had not responded to the complaint or appeared in the action by October 18, 1973. On or about December 14, 1973, Hagopian filed his answer to the complaint, which contained only a general denial. He served Index Fund with his answer but failed to serve Citibank, Cititrust, or Armstrong. Apart from a third-party action commenced by Citibank and Cititrust that was ultimately dismissed by the Court in an Opinion dated June 30, 1976 and reported at 417 F.Supp. 738 (S.D.N.Y.1976), this action lay dormant for years.

This case was removed from the suspense docket in January 1980 and referred to Magistrate Ruth V. Washington for pretrial proceedings. The parties commenced discovery in March 1980. In the latter part of 1980 the plaintiff sought to depose Hagopian, and various motions were made concerning his testimony. In an Opinion dated April 27, 1981, reported at 517 F.Supp. 1122 (S.D.N.Y.1981), the Court refused a request by plaintiff for disclosure of certain grand jury documents relevant to this case. Hagopian was not served with the cross-claims of Citibank, Cititrust, and Armstrong until "sometime during 1981." Affidavit of Denise Serra Rogan, sworn to August 25, 1981 ("Rogan Aff."), ¶ 5.

In April 1981, Hagopian moved to dismiss for lack of prosecution Index Fund's complaint and the cross-claims asserted by Citibank, Cititrust, and Armstrong. He argued that after he filed his complaint in December 1973 he heard nothing from any party until the latter part of 1980. In an Opinion dated June 4, 1981, reported at 90 F.R.D. 574 (S.D.N.Y.1981), the Court denied Hagopian's motion, concluding that dismissal of the claims was not warranted because Index Fund's failure to pursue the action was due to its lack of funds and because Hagopian's failure to receive certain documents was due in part to his own lack of diligence. Pursuant to a stipulation among Hagopian, Armstrong, Citibank, and Cititrust, Hagopian's time to answer the cross-claims was extended until ten days after the decision by the Court on Hagopian's motion to dismiss and was again extended to July 24, 1981, when he filed his answer.

In his answer to the cross-claims, Hagopian included counterclaims against Index Fund, alleging Index Fund's contributory and comparative negligence and his right to be indemnified by Index Fund should the cross-claimants prevail, and he requested a declaratory judgment on the issue of indemnity. Plaintiff now moves to dismiss Hagopian's counterclaims as untimely pursuant to Federal Rule of Civil Procedure ("Rule") 12(f). Hagopian responds that under Rules 13(a) and (b), "*any pleading* may state as a counterclaim any claim ...

against *any* opposing party," and thus a counterclaim against Index Fund is properly included in his answer to the cross-claims of Citibank, Cititrust, and Armstrong. Memorandum of Points and Authorities in Response to Index Fund, Inc.'s Motion to Strike and in Support of Defendant Robert R. Hagopian's Motion for Leave to File a Supplemental Pleading, or in the Alternative, an Amended Answer pursuant to Federal Rules of Civil Procedure Rules 13(e), 13(f) and 15(a) ("Defendant's Memorandum"), at 6 (emphasis in original).

Should the Court grant plaintiff's motion to strike, Hagopian requests that he be granted leave to file a supplementary pleading pursuant to Rule 13(e), or to amend his answer pursuant to Rules 13(f) and 15(a). In support of his request to file a supplementary pleading, Hagopian argues that his counterclaims were acquired after he filed his answer, that his claims are essentially a third-party complaint against Index Fund, and that a cross-defendant may properly implead the plaintiff as a third-party defendant with respect to issues raised by a cross-claim. Defendant's Memorandum at 3–5, 7–8. In support of his request to file an amended answer under Rules 13(f) and 15(a), Hagopian argues that even if his counterclaims had existed at the time of his original answer, the Court nevertheless has authority to allow him to file an amendment. Finally, Hagopian argues that an amended answer or a supplementary pleading would prevent a multiplicity of litigation, and neither would result in prejudice to Index Fund, since his counterclaims relate to the transactions that are the subject of Index Fund's complaint, and discovery is still in early stages. Defendant's Memorandum at 8–9.

Index Fund, on the other hand, maintains that Hagopian may not now counterclaim against it in a pleading filed eight years after the complaint, pointing out that it was not a party to the stipulation among Hagopian, Citibank, Cititrust, and Armstrong that extended Hagopian's time to answer the cross-claims. Reply Memorandum of Plaintiff in Opposition to the Cross Motion of Defendant Hagopian to File a Supplemental Pleading or Amended Answer ("Plaintiff's Reply Memorandum"), at 6. Moreover, Index Fund argues that Hagopian's counterclaims are barred by the statute of limitations for securities fraud actions. Plaintiff's Reply Memorandum at 3–6. Finally, Index Fund argues that it would be prejudiced if Hagopian were permitted to assert his counterclaims, since discovery is nearly complete and Index Fund is ready to go to trial. Plaintiff's Reply Memorandum at 7–8.

*Discussion*

Rule 13(a) provides that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleader had against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." Rule 13(b) provides that "[a] pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Neither rule, however, provides authority for Hagopian's assertion of a counterclaim in a pleading filed some eight years after the complaint and Hagopian's answer. A counterclaim pursuant to Rule 13(a) or (b) is normally asserted by the defendant in his answer, but may also be asserted by the plaintiff in his reply or by a defendant-intervenor. 3 Moore's Federal Practice ¶ 13.05, at 13–107 (2d ed. 1980). Thus Rules 13(a) and (b) permit a party to assert counterclaims against an opposing party in his initial response to the opposing party's claims, regardless of whether those claims are embodied in a complaint or an answer. But when a party has had an opportunity to respond to the claims of his opponent in an answer or reply and has not included a counterclaim, other provisions of Rule 13, specifically 13(e) and (f), provide authority for subsequently asserting those claims. Under Rule 13(e), a pleader may, with the court's permission, assert by supplemental pleading a claim which matured or was acquired after he served his pleading. Under Rule 13(f), a pleader may, with leave of court, amend his

pleading in order to include a claim which he failed to assert through oversight, inadvertence or excusable neglect, or when justice requires. These rules plainly require a pleader to solicit the court's permission to assert after-acquired or omitted counterclaims. Thus Hagopian, having failed to assert his counterclaims in his answer to Index Fund's complaint, may not now include those claims, as a matter of course, in his answer to the cross-claims of his codefendants.[1] Therefore, plaintiff's motion to strike the counterclaims is granted.

■■■ Hagopian, however, has cross-moved for leave to assert his counterclaims in an amended answer or a supplemental pleading if the Court should grant the plaintiff's motion to strike. Turning first to Hagopian's counterclaim for contributory or comparative negligence, it is apparent that this claim existed at the time of Hagopian's answer and is therefore not an after-acquired claim within the meaning of Rule 13(e), but rather an omitted claim. Index Fund argues that the statute of limitations bars Hagopian's proposed counterclaim since amendments pursuant to Rule 13(f) do not relate back to the original pleading, citing *Stoner v. Terranella*, 372 F.2d 89 (6th Cir. 1967). However, in *Diematic Mfg. Corp. v. Packaging Indus., Inc.*, 412 F.Supp. 1367 (S.D.N.Y.1976), the court found the reasoning in *Stoner* unpersuasive and held that amendments under Rule 13(f) may relate back to the original pleading so long as the adverse party had "adequate notice of the transactions forming a basis for the amended claim." 412 F.Supp. at 1374. *See*

*also Butler v. Poffinberger*, 49 F.R.D. 8 (N.D.W.Va.1970); 3 Moore's, *supra*, ¶ 13.33, at 13–848 n.6. Since Hagopian's claim of contributory negligence is based on the same transactions and occurrences as Index Fund's complaint, the statute of limitations does not bar him from amending his complaint, pursuant to Rule 13(f), to add this claim.[2] However, the decision whether to permit him to amend his complaint lies within the court's discretion. *United States v. Shafter*, 49 F.R.D. 164, 169 (S.D.N.Y. 1969), *aff'd on other grounds*, 424 F.2d 281 (2d Cir. 1970); 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1430, at 155 (1971).

■■■ The Court turns next to Hagopian's claim for indemnification by Index Fund and for a declaratory judgment on the issue of indemnification should Armstrong and Citibank and Cititrust prevail in their actions against him. When Hagopian answered Index Fund's complaint, he had not yet been served with the cross-claims, and therefore could not have responded to them. Thus, counterclaims based on those cross-claims were not "omitted" within the meaning of Rule 13(f). Rather, Hagopian acquired those claims after he filed his answer, and a motion under Rule 13(e) for leave to file a supplemental pleading is appropriate.

■■■ Hagopian's indemnity claim is not barred by the statute of limitations for securities fraud. He is not suing for damages based on securities fraud, but for indemnification based on the relative culpa-

1. Moreover, as Index Fund points out, it was not a party to the stipulation extending Hagopian's time to answer the cross-claims. Even if Rule 13(a) authorized his assertion of counterclaims against Index Fund in his answer to the cross-claims, that answer was not timely as far as Index Fund was concerned.

2. Indeed, if the statute of limitations prevented Hagopian from raising his contributory negligence claim under Rule 13(f), this Court could still permit him to assert his claim under Rule 15(a). Contributory negligence is more properly designated an affirmative defense and the Court may, in the interest of justice, treat the pleading as though a proper designation had been made. Rule 8(c). A party may properly

seek to amend his pleading to include additional defenses. *See Roloff v. Arabian Am. Oil Co.*, 421 F.2d 240 (2d Cir. 1970); *Tokyo Boeki (U.S.A.), Inc. v. SS Navarino*, 324 F.Supp. 361 (S.D.N.Y.1971); *Hackensack Water Co. v. Village of Nyack*, 51 F.R.D. 7 (S.D.N.Y.1970). Leave to amend pursuant to Rule 15(a) should be "freely given," in the absence of bad faith on the part of the movant or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Since, as discussed above, the Court finds no bad faith or undue prejudice, Hagopian's additional defenses could be asserted in an amended answer.

bility of Hagopian and Index Fund if Hagopian is found liable to the cross-claimants. A cause of action for indemnity technically does not accrue until payment of the primary liability is made. An indemnity cause of action is not governed by the statute of limitations that governs the primary action; otherwise, the indemnity action might be barred before it accrues. *St. Paul Fire & Marine Ins. Co. v. United States Lines Co.*, 258 F.2d 374, 376 (2d Cir. 1958); *Francosteel Corp. v. S.S. Tien Cheung*, 375 F.Supp. 794 (S.D.N.Y.1973).

 In fact, courts have held that counterclaims for indemnification or contribution based on the defendant's potential liability on a cross-claim are not yet mature and thus cannot be asserted under Rule 13(e). *See Stahl v. Ohio River Co.*, 424 F.2d 52 (3d Cir. 1970); *Scherza v. Home Indem. Co.*, 257 F.Supp. 67 (D.R.I.1966); 3 Moore's, *supra*, ¶ 13.32, at 13–820. Some courts have circumvented Rule 13(e)'s maturity requirement by permitting a defendant to assert his counterclaims for indemnity or contribution pursuant to Rule 14(a), which allows a defendant to implead a person who "is or may be liable to him" for all or part of the plaintiff's claim against him. Although Rule 14(a) limits impleader to non-parties, courts have overcome this limitation by severing the cross-claim, and permitting the defendant to implead the plaintiff in the second action, or more simply by characterizing the plaintiff as a nonparty to the cross-claim action. *See Stahl v. Ohio River Co., supra; Slavics v. Wood*, 36 F.R.D. 47 (E.D.Pa.1964); *United States v. Nicholas*, 28 F.R.D. 8 (D.Minn.1961). However, even applying the latter, simpler approach to this case, it becomes absurdly complicated, for although Index Fund is not a party to the action between Hagopian and Citibank and Cititrust, it is a party to the action between Hagopian and Armstrong, since Armstrong filed counterclaims against Index Fund as well as cross-claims against Hagopian. Thus, Hagopian would have to implead Index Fund as a nonparty to the Citibank-Cititrust cross-claim action and, by analogy, cross-claim against Index Fund pursuant to Rule 13(g) in the Armstrong cross-claim action.

Recognizing the unnecessary complications introduced by such a "perversely narrow" reading of Rules 13 and 14, the court in *Atlantic Aviation Corp. v. Estate of Costas*, 332 F.Supp. 1002 (E.D.N.Y.1971), held that the defendant could assert a counterclaim for indemnity against the plaintiff. The court stated:

> It is uselessly mischievous to read into Rule 14(a) the negative implication that if the prospective "third party defendant" is already in the case, as the party plaintiff or otherwise, the "third party plaintiff's claim" against the "third party defendant" may not be presented in and by the type of pleading—the plain counterclaim—that would normally be served between the parties. In the case of a defendant's "third party plaintiff" claim against a plaintiff, the apt pleading is the counterclaim.

332 F.Supp. at 1007.

 Indeed, the recent trend has been to permit counterclaims for contribution and, by implication, for indemnification, under Rule 13(a), in order to facilitate the litigation of all of the claims arising from the same occurrences in the same lawsuit. *See Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78 (S.D.N.Y.1973); *Gilbert v. General Elec. Co.*, 59 F.R.D. 267 (E.D.Va.1973). *Accord, In re Oil Spill by "Amoco Cadiz"*, 491 F.Supp. 161 (N.D.Ill.1979); *Grogg v. General Motors Corp.*, 72 F.R.D. 523 (S.D.N.Y. 1976). Since a claim for indemnity is sufficiently mature to be asserted under Rule 13(a), it follows that a claim for indemnity that arises after the filing of the initial pleading is sufficiently mature to be asserted in a supplemental pleading. Thus the maturity requirement of Rule 13(e) does not bar Hagopian from asserting his claim for indemnification. Nevertheless, like the decision to permit him to amend his answer, the decision to allow him to assert his counterclaim now by way of supplemental pleading lies within the court's discretion. *Aviation Materials, Inc. v. Pinney*, 65 F.R.D. 357, 358 (N.D.Okla.1975); *General*

*Motors Corp. v. Kolodin*, 16 F.R.D. 20 (E.D. N.Y.1954); 6 C. Wright & A. Miller, *supra*, § 1428, at 149.

Similar considerations govern the court's exercise of discretion under Rules 13(e) and 13(f). Supplemental pleadings under Rule 13(e) are normally permitted, particularly if the proposed counterclaim is closely related to the plaintiff's claim, as long as no confusion or undue delay would result. *Spencer v. Newton*, 79 F.R.D. 367, 373 (D.Mass.1978); 6 C. Wright & A. Miller, *supra*, § 1428, at 149–50. Amendments to pleadings under Rule 13(f) to assert previously omitted counterclaims are liberally allowed as long as no prejudice would result to the plaintiff, and the defendant has acted in good faith. *Speed Prods. Co. v. Tinnerman Prods., Inc.*, 222 F.2d 61 (2d Cir. 1955); *see Frederick Fell Publishers, Inc. v. Lorayne*, 422 F.Supp. 808 (S.D.N.Y.1976); 6 C. Wright & A. Miller, *supra*, § 1428, at 153–55.

Although Hagopian's counterclaims come eight years after the filing of the complaint, delay in and of itself is an insufficient reason to deny leave to amend. *Mercantile Trust Co. v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976). *See Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214 (5th Cir. 1976) (trial court should have allowed defendants to assert counterclaims 16 months after their original answer and 2 months before trial); *Reines Distrib., Inc. v. Admiral Corp.*, 7 Fed.R.Serv.2d 13f.12, Case 1 (S.D.N.Y.1963) (counterclaims allowed in antitrust action pending 4½ years but still at pretrial stage). Further, the Court will not conclude that this extraordinary delay evidences Hagopian's bad faith, since it was due in part to Index Fund's failure to actively pursue this case between 1973 and 1980. Hagopian was served with the cross-claims against him this year, and these motions follow closely on the heels of his answer, filed after the Court's denial of his motion to dismiss the complaint and cross-claims for failure to prosecute. Moreover, it is unlikely that Index Fund will be seriously prejudiced, or that this action will be unduly delayed, if Hagopian is permitted to assert his claims. The parties have not yet completed discovery and, despite Index Fund's assertions about its own readiness for trial, it is clear that this case has not yet reached the trial stage. Finally, Hagopian's claims are based on the same transactions and occurrences as the complaint, and are so intertwined with the plaintiff's claims that they are unlikely to cause further delay or confusion or divert the trier of fact from the issues raised by the complaint.

The Federal Rules of Civil Procedure, and Rule 13 in particular, are designed to encourage the complete resolution in a single lawsuit of all of the claims arising from the same core of facts. *Lynch v. Sperry Rand Corp., supra*, 62 F.R.D. at 90; 3 Moore's, *supra*, ¶ 13.32, at 13–821 to –822. Since Index Fund has, after several years, elected to actively pursue its case, it is in the interests of judicial economy and fairness that Hagopian be permitted to assert his claims and defenses so that all of the issues arising from the transactions and occurrences that form the basis for Index Fund's complaint may be fully and fairly litigated in the context of this suit.

*Conclusion*

For the foregoing reasons, plaintiff's motion to strike defendant's counterclaims is granted and defendant is granted leave to file, within thirty days, (1) a supplementary pleading pursuant to Rule 13(e) to present his indemnity claims; and (2) an amended answer pursuant to Rules 13(f) and 15(a) to present his claims of contributory or comparative negligence and the other affirmative defenses included in his proposed amended answer.

So ordered.