Michael CHAPMAN, Plaintiff,

v.

**YMCA OF GREATER BUFFALO, Defendant.**

No. 94–CV–0607A(H).

United States District Court, W.D. New York.

April 11, 1995.

R. Lynette Copeland, Buffalo, NY, for plaintiff.

James R. Grasso, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, NY, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Presently before the court is plaintiff's motion to amend his complaint (Item 6). For the following reasons, plaintiff's motion is denied.

### BACKGROUND

Plaintiff, Michael Chapman, commenced this action on August 23, 1994, alleging race discrimination in employment, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* (Item 1).

Plaintiff was employed as the Executive Director of the Humboldt branch of the YMCA of Greater Buffalo (defendant or YMCA). Plaintiff alleges that the YMCA's president, John Murray, "maliciously evaluated plaintiff's performance as 'below standard' in January 1993" (Item 1). Plaintiff was placed on a six-month probation, after which he was asked to resign or plaintiff would be terminated. He involuntarily resigned. Plaintiff claims that this probation period was "unprecedented" and "amounted to a difference in treatment from that which was given to any other White Executive Director of defendant." *Id.* Plaintiff is seeking damages for back pay and mental an-

guish arising from the YMCA's alleged discriminatory employment practices.

Plaintiff now moves, under Rule 15(a) of the Federal Rules of Civil Procedure, to amend his complaint to assert a second cause of action under an entirely new statute, 42 U.S.C. § 1981. Plaintiff's proposed amendment is as follows:

1. Defendant intentionally discriminated against plaintiff on the basis of race, along with the other members of the Black Community in the City of Buffalo, by allocating less contractually derived funding and benefits to its branches within the Black Community and primarily patronized by white persons, to wit:

a. Defendant receives funds via contract with several of its benefactors;

b. Said funds and benefits are used by Defendant in such a way that Defendant's branches which are not in the Black Community of Buffalo receive a much greater share of them than do the branches that are in Buffalo's Black Community—the Humboldt Branch and the Emslie Branch.

c. At Defendant's branches which are outside of the Black Community of Buffalo, Defendant uses the benefits from its benefactors to fund Association Tabloids and a Program Director position at each branch. There is no Association Tabloid and no Program Director position at the Defendant's branches within Buffalo's Black Community.

2. In addition to the discriminatory deprivation of third party contractual benefits, defendant's actions as above mentioned have unlawfully deprived plaintiff on the basis of his race, along with all other members of the Black Community of Buffalo, of the right to make a contract with defendant which would give them equal benefits and enjoyment of the contractual relationship that is enjoyed by white persons in their contractual relationship that is enjoyed by white persons in the contractual relationships with defendant, at defendant's branches which are outside of the Black Community (Item 6, exhibit A) (emphasis in the original).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure instructs that once a response to the complaint has been filed, a plaintiff may amend his or her complaint, "only by leave of the court or by written consent of the adverse party; [ ] leave shall be freely given when justice so requires." Rule 15(a) has been construed very liberally. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). "[L]eave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." *Hanlin v. Mitchelson*, 794 F.2d 834, 840 (2d Cir.1986) (quoting *Tokio Marine and Fire Ins. Co., Ltd. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986)).

Defendant argues that plaintiff should not be permitted to amend his original complaint to include this new cause of action because: (1) plaintiff's second cause of action under § 1981 is legally insufficient, and (2) plaintiff's new claim is based on a new set of operative facts, wholly unrelated to those pled in the original complaint, and defendant will be unduly prejudiced by plaintiff's amendment (Item 9). Each argument will be addressed in turn.

### A. Legal Sufficiency of Plaintiff's Second Cause of Action

█ One justification for denying leave to amend is that the amendment would be futile:

If a proposed amendment is objected to on the ground of legal insufficiency, the court should apply the same test that is used when the legal sufficiency of a pleading is challenged under Rule 12(b)(6) or (f). If there is no set of facts which could be proved under the amendment which would constitute a valid and sufficient claim or defense ... leave should be denied.

MOORE'S FEDERAL PRACTICE, ¶ 15.08[4] (2d ed. 1994); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Hackensack Water Co. v. Village of Nyack*, 51 F.R.D. 7, 8 (S.D.N.Y.1970).

I find that plaintiff's second cause of action, as pled in the proposed amended complaint, fails to state a claim.

■ Section 1981 provides that, "All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to [*inter alia* ] make and enforce contracts . . . as is enjoyed by white citizens. . . ." 42 U.S.C. § 1981(a). In order to state a claim, plaintiff must set forth his accusations with particularity:

> [U]nder § 1981, the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint to withstand dismissal under 12(b)(6).

*Yusuf v. Vassar College*, 827 F.Supp. 952, 955 (S.D.N.Y.1993).

■ In this case, plaintiff's proposed amended complaint fails to state a claim for several reasons. First, the second cause of action fails to specify the time period within which the [alleged] discrimination took place. Furthermore, plaintiff has not pled, nor does it appear, that the YMCA has a contractual duty, with either its benefactors or its members, to equip each of its branches equally. Although one facility may have a swimming pool while another has a basketball court, a member of the YMCA is free to use any facility in the city, not just the one located in his or her own neighborhood. Finally, defendant is under no obligation to establish a branch of the YMCA in every area of the city or to even maintain the facilities in the neighborhoods where they are currently located.

Plaintiff's second cause of action fails to state a claim because defendant is not contractually obligated to provide the same amenities at each of its branches and plaintiff has not asserted with specificity that any variance between defendant's facilities is the product of racial discrimination.

### B.  Different Set of Operative Facts and Prejudice to Defendant

Even assuming, *arguendo,* that plaintiff's second cause of action is legally sufficient, plaintiff's motion to amend must still be denied.

■ A motion to amend under Rule 15(a) is intended to allow a party to cure certain deficiencies or errors in the pleadings, thus insuring that a claim will be heard and decided on the merits and not barred by a technicality. *Foman v. Davis, supra.* Although Rule 15 instructs that leave to amend a pleading should be "freely given," the court must consider any prejudice the non-moving party will suffer as a result of the amendment. *Id.* Prejudice may result where the amendment seeks to add a new claim, derived from a different set of facts of which the original complaint did not provide adequate notice. *Ansam Associates, Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985).

Defendant argues that in this instance, plaintiff's amendment is not meant to cure an error or oversight in the original pleading, but rather, attempts asserts an entirely new cause of action, based on a different statute° and an entirely different set of operative facts. Defendant contends that it will be greatly prejudiced by plaintiff's proposed amendments.

■ Plaintiff's original claim is sued on behalf of a single defendant, under 42 U.S.C. § 2000e, and is based on employment discrimination. Plaintiff's amendment will add a new and completely unrelated claim to the complaint. Plaintiff's proposed "Second Cause of Action" asserts a claim on behalf of himself and the "Black Community of Buffalo," under 42 U.S.C. § 1981, and is based on discriminatory distribution of funds. These claims involve different issues of law and fact. The focus and scope of discovery will differ for each, as will the proof offered at trial. For these reasons, the defendant stands to be prejudiced by the addition of plaintiff's second claim.

The stated purpose of Rule 15 is to allow a party to correct an error that might otherwise prevent the court from hearing the merits of the claim. Given this purpose, amendment is neither necessary or appropriate here. Even if plaintiff is not granted leave to file the amended complaint, he still may

sue defendant in a separate action under § 1981, assuming the claim is legally sufficient.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (Item 6) is denied.